In The ~~Superior Court~~ *District Court* for
District of Columbia



| | |
|---|---|
| Herbert Evans, natural born citizen of the United States<br>Joint Base McGuire-Dix-Lakehurst<br>5756 Hartford Street<br>Trenton, N.J. 08640<br><br>             Petitioner<br><br>-against-<br><br>United States Parole Commission<br>90 K Street, N.E.<br>Washington, D.C. 20530<br><br>             Captor/<br>             Respondent. | Case: 1:17-cv-02553<br>Assigned To : Howell, Beryl A.<br>Assign. Date : 11/16/2017<br>Description: Habeas/2255 **(G-DECK)**<br><br>Petition for a<br>Writ of Habeas Corpus |

COMES NOW grievant Citizen Herbert Evans, unlawfully restrained of his liberty by named Captor's executive Department's usurpation of judicial Department power of the D.C. Government that is beyond the power of an executive ministerial Agency, <u>to wit</u>: <u>USPC</u> is granted under the judicial sentence custody it enforces in service to the judiciary on behalf of and in ministerial service to; and in support State:

## Jurisdiction

Superior Courts have, pursuant to D.C. Code Ann. § 16-



1

1901, jurisdiction to issue Writ of Habeas Corpus inquiry into unlawful restraint of Citizens' liberty by a D.C. government's Agency acting beyond the scope and extent of agency power granted it under law, and in excess of the Federal Constitutional limits on Government's power to restrain citizens' civil rights of liberty guaranteed by 10th and 14th and 5th Amendment.

### Venue

Venue is proper in this Superior Court as a court of general jurisdiction where, as is herein, although Petitioner is held in the State of N.J. at Trenton, 08640 area, on Joint Base McGuire-Dix-Lakehurst, physically with and under N.J.'s law for incarceration of foreign-born aliens convicted of terrorism and drug trafficking. Nevertheless N.J.'s captivity of Petitioner within that State is solely in enforcing D.C.'s Superior Court's judicial sentence custody of Petitioner. Accordingly, venue is proper and exclusive to the D.C. judicial branch of Government exercise solely by the Superior Courts of the District of Columbia that ignored the judicial sentence plaintiff is serving in N.J.

### No Other Remedy

Petitioner has no other remedy except this Writ of

Habeas Corpus extraordinary remedy for reasons respondent, a ministerial executive, Custodian enforcing judicial of Petitioner's body in service to a Superior Court of District of Columbia's final judgment and punitive sentence. Purports to exercise an autonomous Executive exclusive power to unilaterally void that Superior Court's final judgment and judicial sentence therefrom. And replace it with a never-ending executive sentence that literally can only end when the Agency declares Petitioner's service in custody to the Agency is satisfied. Accordingly, as NO such Power in Government nor its agents can and does exist under any set of facts or conditions by laws or its Constitution, there is no other remedy under any legal and regular judicial process and rules of courts of justice able to reach respondent Agency's usurpation of Superior Court's judicial power to make its own judgments final and complete absent fraud upon the court or extrinsic fraud. As there is no lawful power for, nor constitutional means to make legal, under our Constitution form of limited Government respondent's usurpation of judicial power of the D.C. State government. There is no other remedy to respondent Agency's executive unlawful restraint of his civil rights of liberty except this Writ of Habeas Corpus.

### Facts Sworn and Verified Under Oath

Part I: Historical Facts.

1.      Petitioner is a natural-born citizen of the United States domicile in the city of Washington, D.C., whose 14th Amendment guaranteed civil rights of liberty and 13th Amendment freedoms within jurisdiction of a State, including but not limited to the District of Columbia, is derived solely from the Federal Constitution of the United States.

2.      Herein the United States Parole Commission, Respondent, pursuant to the National Capital Revitalization and and Self-Government Improvement Act of 1997, Pub. L. No. 105-33 §§ 11231(a) 111 Stat. 712, 745 has the ministerial duty under law to enforce parole custody of D.C. offenders sentenced to terms of imprisonment by the Superior Courts of the District of Columbia.

3.      D.C. Code Ann. § 24-425 lays down in particular significant part that: All persons convicted in the Superior Court for the District of Columbia for any offense "<u>shall be committed, for their terms of imprisonment</u>," and the District of Columbia Council did not authorize by legislations nor rules for either the United States Parole Commission nor its predecessor D.C. Parole Board, a private power to unilaterally or otherwise terminate a Superior Court imposed term of imprisonment and custody for replacement with an excecutive Department terms of never ending detention.

4.      Nor, on any imaginable set of facts or claimed conditions can there exist by state law or municipal rules a power in the District of Columbia's local ("state") Government to legally give the legislature department authority to transfer to the executive department of D.C. Government power to unilaterally hold void the Final Judgments and punitive judicial prison sentences thereunder of the Superior Courts, solely based on a vague D.C. statute's definition purporting particularity where it is a word of common usage to encompass an ambiguous understanding as permitting what the Constitution of the United States by the 10th Amendment and 14th Amendments forbid state governments to do.  As identically to the General Government of the United States is forbidden by the 5th Amendment.

5.      The District of Columbia Home Rule Act, D.C. Code § 1-2--1 et seq., Congress specifically prohibits the District of Columbia Council from expanding or reducing the jurisdiction of the local courts or from altering that jurisdiction.

6.      The District of Columbia Superior Court is a court of general jurisdiction with the power to adjudicate any action at law or in equity involving local law. <u>Martin v. District of Columbia Courts</u>, 753 A.2d 978, 991 (D.C. 2000) quoting <u>Powell v. Washington Land Co., Inc.</u>, 684 A.2d 769, 770 (D.C. 1996).

7.  <u>See also</u>: Congress's enactment of the Interstate Agreement on Detainer's Article VII, wherein Congress particularly defines a "State" as "a State of the United States" and "District of Columbia," showing here, and in other parts of the Act, Congress clearly contemplates the District of Columbia and its court system wholly distinct from the United States.

8.  Under D.C. Parole Laws, D.C. Code Ann. § 24-206(a) provides that if parole is revoked the time a prisoner was on parole shall not be taken into account to diminish the time for which he or she was sentenced.

## Introduction

My name is Herbert Evans, inmate number; 39557-007.

I have been sentenced to 36 months in prison followed by 24 months of supervised release by the parole commission without merit. I have never been sanctioned, I have no new conviction, nor have I habitually disobeyed an order from the Commission or my parole officer. When I was arrested and jailed, I only had 15 to 16 months left on my parole.

My original sentence was 84 months - imprisonment

followed by 5 years - supervised release, which is to end on October 25, 2017.

In the following pages you will find numerous statutes of the District of Columbia Code, as well as statements from other circuits in the United States validating my claim:

D.C. Law 17-389 became effective on May 20, 2009 so that a parolee is now given credit for all time served on supervised release upon revocation when that person's sentence is recomputed after effective date of Act. D.C. Code: 1981 § 24-431(a)/prison codifications:

9. The United States Parole Commission Rules and guidelines are inconsistent with the Laws of the United States Government.

10. In the United States Commission Rules Manual: Under Supervised Release - P-age 1 of 131 pages:

11. The term "parole" includes parole, mandatory parole, supervised release, conditional release, or mandatory release supervision (i.e. any form of supervised release)

12. District of Columbia Good Time Credit Act, as

interpreted to provide credit against re-sentencing for time spent on parole - after effective date of act.

13.     Good Time Credit Act of 1986 provided for first time that prisoners would receive credit for time which they successfully spent on parole: D.C.-Code 1981, S.S. 24-431(a).

14.     Time spent on Parole prior to effective date of Good Time Credit Act of 1986 - cannot be credited against person's sentence

15.     D.C.-Code: Repeal Good-Time Credit Act of 1981: Repealed by: D.C. Law 17-389 - became effective May 20, 2009 -see notes - following § 24-221.03.

16.     § 2.52: Revocation decisions: (c) a parolee whose release is revoked by the commission will receive credit on-service of his sentence for time spent under supervision except as provided below: time in refusal or absconder of instructions of the commission or ducking a warrant: only for that period of absence.

17.     Section 24-206(a) of the D.C. Code enacted by congress in 1932 provides that when a person's parole is revoked, the prisoner is not entitled to credit on time served on parole.

18.     The statute was amended on May 20, 2009 so that a parolee is now credited for street-time upon revocation. Save two exceptions: A new conviction, or habitually refusing orders of the parole commission, or the parole officer. 10 § 24-406(c). But the amendment is not retroactive, see 10-24-406(D) the provisions of subsection (c) shall apply only to any period of parole that is being served on or after May 20, 2009 and shall not apply to any period of parole that was revoked prior to May 20, 2009.

19.     D.C.-Code: Legislative History of Law - 17-389: Law 17-389: The Equitable Street Time Credit Amendment Act of 2008, was introduced in council and assigned bill no. 17-750 which was referred to the committee on public safety and judiciary. The bill was adopted on first and second readings on December 2, 2008 and December 16, 2008 respectively. Signed by the Mayor on January 16. 2009. It was assigned Act No. 17-694 and transmitted to both houses of congress for its review. D.C. Law 17-389 became effective on May 20, 2009: so that a parolee is now credited for street time upon revocation, except: as provided in: § 24-406: Hearing after arrest; confinement in non-district institution: D.C. Law 17-389:

(b): Repealed

(c)(1) except as provided in paragraphs (2) and (3) of this

9

subsection, a parolee shall receive credit toward completion of the sentence for all time served on parole.

(2) A new conviction of a crime committed during a period of parole.

(3) if during the period of parole, a parolee intentionally refuses or fails to respond to any reasonable request, order, summons, or warrant of the commission or any member or agent of the commission, the commission may order that the parolee not receive credit for the period of time that the commission determines that the parolee failed or refused to respond to such request, and/or summons, or warrant.

(D The provisions of subsection (c) of this section shall apply only to any period of parole that is being served on or after the May 20, 2009 effective date, and shall not apply to any period of parole that was revoked prior to May 20, 2009.

History:

(July 15, 1932, 47 Stat. 698, Ch. 492, S.S.6; June 6, 1940, 54 Stat. 242, Ch. 254, S.S.5; July 17, 1947, 61 Stat. 379, Ch. 263, S.S.5; May 20, 2009 D.C. Law 17-389, S.S.3 (b) 56 DCR 1196.

20.    The eighth amendment may be implicated where a punishment is grossly disproportionate to the seriousness of the crime. <u>Greg v. Georgia</u>, 428 U.S. 153, 173, 96 S. Ct. 2909.

21.    2nd Circuit Court of appeals: deny immunity to

government officials for violations of constitutional rights, which any reasonable person would have known.

22.     A district Court abuses its discretion if it bases its ruling on erroneous views of the law or on a clearly erroneous assessment of the evidence, or renders decisions that cannot be located within the range of permissible decisions. <u>Sims v. Blot</u>, 534 F.3d 117, 132 (2nd Cir. 2008).

23.     Modification of a sentence violates clearly established federal law.

24.     The ex post facto clause; U.S. Const. Act. 1, § 9, Cl. 3: prohibits among other things, the application of any law that changes the punishment and inflicts a greater punishment than the law annexed to the crime, when it was committed.

25.     The Supreme Court of the United States is controlling authority in the District of Columbia.

26.     New York Circuit: § 3568: credit for custody includes not only credit for incarceration before and after sentencing, but also credit for time served on parole.

27.     D.C. Code: Credit for custody therefore is construed

broadly to mean legal custody (as a way of embracing parole). Specifically, D.C.-Code (24-204(a)) (1996-Repl.) Traceable to the 1932 act establishing the district's parole system provided: while on parole in the legal custody and under the control of the attorney general of the United States or his authorized representatives, until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance. (D.C. Code 24-204(a).

28.     The only cognizable sentence is the one imposed by the judge, and any alteration to that sentence unless made by a judge in a subsequent proceeding is of no effect. See Earley v. Murray 451 F.2d at 71 (2nd Cir. 2006).

29.     The Court of Appeals concludes that Earley itself decided on June 9, 2006, did clearly establish the unconstitutionality of the administrative imposition or enforcement of post-release conditions that were not judicially imposed.

30.     (2nd Circuit 1958-present)
Earley observes that 70 years ago, the United States Supreme Court has established that the sentence imposed by the sentencing judge is controlling; it is that sentence that constitutes the court's judgment and authorized the custody of a defendant.

31.  Commission may only revoke parole because of the parolee's failure to abide by its conditions.

Must be express condition, whether technical or relating to a new charge, not a mere implicit understanding. (mental wellness is not a ground for revocation where it was not an express condition). In Re, A.W. 353 A. 2d 686, 695 (D.C. 1976)

32.  Supreme Court remains available to correct any legal error by the D.C. Court of Appeals.

33.  Section 2.20: Paroling Policy Guidelines; statements of general policy.

28 C.F.R. § 2.20: for decisions outside the guidelines:

§ 2.36-01: states the notice of action must state a decision above the guideline range is found warranted and specify the reasons thereof.

The parole commission failed to do so, as also noted by my attorney - attorney Rashida Edmondson of the Public Defender Service in her original appeal to the Parole Board. See - the enclosed notice of action, from: the national appeals board -date April 7, 2017. Thus instead of specifying their reasons for their decision, they merely presented 28 C.F.R. § 2.20: for decisions outside the guidelines.

34.     Furthermore, my original parole term ends October 25, 2017. When I was incarcerated on July 19, 2016 by warrant from the commission I only had 15 or 16 months left to do on my parole. the parole commission sentenced me to 36 months in prison followed by 24 months of supervised release without merit.

35.     Thus the Parole Commission have clearly demonstrated abuse of authority, illegally sentencing me to prison on their arbitrary and capricious views, which is unconstitutional and again without merit.

36.     Hereby, I am asking for immediate release from imprisonment. Thank you.

Sincerely,

*Herbert Evans* (signature)
Herbert Evans

VERIFICATION

I, Herbert Evans, do affirm under the penalty of perjury that I have read the aforegoing Writ of habeas corpus and Praecipe and do verify the statements and facts are true and correct based on my personal knowledge and personal experience; and where I quote law and others, I believe those quotes to be true and correct.

Date: July 2, 2017                     _____
                                        Herbert Evans, citizen

Date: July 2, 2017                     _____
                                        Herbert Evans, citizen

Date: July 2, 2017                     _____
                                        Herbert Evans, citizen

15